| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | |
|---|---|
| **PLAINTIFF(S):** Todd Gorell | **COUNTY** Barnstable |
| ADDRESS: | |
| | **DEFENDANT(S):** The Pavement Group, Inc. |
| | Brian Hess; Michael Hoogheem |
| **ATTORNEY:** Anastasia Doherty | |
| ADDRESS: Ortiz & Moeslinger, P.C. | ADDRESS: |
| One Boston Place, Suite 2600 | The Pavement Group, Inc.: 6041 Wallace Road Ext Ste 300, Wexford, PA 15090 |
| Boston, MA 02108 | Brian Hess: 100 Macintosh Court, Cranberry Township, PA 16066 |
| BBO: 705288 | Michael Hoogheem: 1624 Waters Edge Dr., New Richmond, Wisconsin 54017 |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☒ YES ☐ NO |

**\*If "Other" please describe:** _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $ _____
2. Total doctor expenses ........................................................... $ _____
3. Total chiropractic expenses ................................................. $ _____
4. Total physical therapy expenses .......................................... $ _____
5. Total other expenses (describe below) ................................ $ _____
                                                **Subtotal (A):** $ _____

B. Documented lost wages and compensation to date ............................. $ _____
C. Documented property damages to dated ................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ........... $ _____
E. Reasonably anticipated lost wages ......................................................... $ _____
F. Other documented items of damages (describe below) ......................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                           **TOTAL (A-F):**$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Nonpayment of wages in violation of state law; breach of contract, unjust enrichment, and promissory estoppel

                        **TOTAL:** $ est. > $50K

**Signature of Attorney/Pro Se Plaintiff: X** _[signature]_      **Date:** Apr 11, 2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_      **Date:** Apr 11, 2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (A)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L.c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149 §§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                        SUPERIOR COURT
                                                       DEPARTMENT OF
                                                       THE TRIAL COURT

_____     )
                                      )
TODD GORELL,                          )
                                      )
             Plaintiff,               )
                                      )        C. A. No.
v.                                    )
                                      )
THE PAVEMENT GROUP, INC.,             )
BRAIN HESS, and                       )
MICHAEL HOOGHEEM,                     )
                                      )
             Defendants.              )
_____     )

**COMPLAINT**

Todd Gorell brings this action against his former employers, The Pavement Group, Inc.,

the company's Chief Executive Officer, Brian Hess, and the company's president, Michael

Hoogheem, for: the nonpayment of commissions Plaintiff Gorell earned on sales he secured in

2022; nonpayment of wages earned pursuant to his 2023 leadership compensation plan; and the

failure to provide a promised equity stake in the company, in violation of state and common law.

**PARTIES**

1.      Plaintiff Todd Gorell resides in Falmouth, Massachusetts.

2.      Defendant The Pavement Group, Inc. ("The Pavement Group" or "the company"),

is a foreign company, organized under the laws of Pennsylvania, with headquarters located at

6041 Wallace Road Ext Ste 300, Wexford, PA 15090.

3.      Defendant Brian Hess has, at relevant times, served as the Chief Executive

Officer (CEO) of The Pavement Group.

1

4.      On information and belief, Brian Hess resides at 100 Macintosh Court, Cranberry Township, PA 16006.

5.      Defendant Michael Hoogheem has, at relevant times, served as the Chief Operating Officer of the Pavement Group.

6.      On information and belief, Michael Hoogheem resides at 1624 Waters Edge Dr., New Richmond, Wisconsin 54017.

7.      The defendants employed the plaintiff.

## JURISDICTION

8.      This court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, § 150 and its inherent common law authority.

9.      The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

10.     Venue is proper pursuant to M.G.L. c. 223 § 1 because Plaintiff resides in Barnstable County.

## FACTS

11.     The Pavement Group provides commercial pavement solutions.

12.     As of January 2020, Defendants Brian Hess and Michael Hoogheem, and Ed Christensen and Joseph Groccia each possessed an equity stake in The Pavement Group (these individuals are collectively referred to herein as the "partners").

13.     Beginning in or around January 2020, Plaintiff Todd Gorell began discussing with Mr. Hess the possibility of joining The Pavement Group.

2

14.    In January 2020, Mr. Hess and Plaintiff Gorell agreed that Mr. Gorell would join The Pavement Group on a six-month trial basis and that, at the end of those six months, they would decide whether Mr. Gorell should join The Pavement Group as a partner.

15.    In or about March 2020, The Pavement Group agreed to pay Mr. Gorell $1,500 per week as an independent contractor for his provision of consulting services and a commission based on the contracts he secured for the company, calculated as a percentage of the revenue generated by those contracts.

16.    In or about July 2020, Mr. Hess (upon information and belief, on behalf of The Pavement Group), and Mr. Gorell agreed that Mr. Gorell would join The Pavement Group as a partner and be given an equity stake in the company.

17.    Over the next year, Mr. Hess and Mr. Gorell had multiple conversations in which Mr. Hess represented to Mr. Gorell that The Pavement Group would provide Mr. Gorell with an equity stake in the company.

18.    Mr. Hess told Mr. Gorell that he was seeking to buy out some of The Pavement Group partners' ownership, and that he would give Mr. Gorell a 15% equity stake in the company once the buy-outs had been negotiated.

19.    As of July 2021, Mr. Gorell still had not been provided with an equity stake in the company.

20.    In or about July 2021, Mr. Gorell emailed Mr. Hess complaining that his provision of equity in the company had stalled.

21.    In or about August 2021, Mr. Gorell told Mr. Hess that he would be okay making approximately $150,000.000 at The Pavement Group, if he also was going to receive between 10 and 20% equity in the company

3

22.     Mr. Hess subsequently reassured Mr. Gorell that he would be provided with an equity stake in the company.

23.     Mr. Gorell relied on Mr. Hess's promise that The Pavement Group would provide him with an equity stake in the company in deciding to work full time at The Pavement Group.

24.     By the end of 2021, Mr. Gorell was devoting approximately 40 hours a week to his work for The Pavement Group.

25.     In or around the beginning of 2022, The Pavement Group classified and began paying Mr. Gorell as an employee of the company.

26.     In or around the beginning of 2022, The Pavement Group agreed to compensate Mr. Gorell as follows:

  a)  The Pavement Group agreed to pay Mr. Gorell approximately $40,000 in annual salary for performing management duties, to be paid on a biweekly basis;

  b)  The Pavement Group agreed to pay Mr. Gorell approximately $65,000 in annual salary as a recoverable draw against commissions for his sales work;

  c)  The Pavement Group agreed to pay Mr. Gorell sales commission based on contracts he secured (referred to herein as the "2022 commission compensation plan"); and,

  d)  Mr. Hess continued to represent to Mr. Gorell that he would be given an equity stake in the company.

27.     Under the terms of Mr. Gorell's 2022 commission compensation plan:

  a)  Mr. Gorell earned a commission of 20% the Gross Margin revenue on contracts he secured; and,

  b)  Commissions were to be paid on completed work and paid invoices.

28.     The Pavement Group paid Mr. Gorell a total of approximately $122,000.00 in compensation in the year 2022.

29.     In or around December of 2022, Mr. Gorell was given the title of "Chief Growth Officer" of The Pavement Group.

30.     Beginning in 2023, The Pavement Group agreed to pay Mr. Gorell a $150,000.00 annual salary plus compensation under a new "leadership compensation plan."

31.     Mr. Gorell separated from employment with The Pavement Group on or about August 13, 2024.

32.     When Mr. Gorell provided notice of his separation to Mr. Hess, he expressed an intent to recover unpaid compensation from The Pavement Group, to which Mr. Hess responded that "we definitely owe you something," or words to that effect.

### *The Pavement Group Owes Mr. Gorell Sales Commissions for Sales He Secured in 2022 That Came Due in 2023.*

33.     In 2022, Mr. Gorell secured contracts that, as of the end of 2023, had generated $943,151.69 in Gross Margins for The Pavement Group (the "Disputed Sales"), earning a total of $188,630.33 in commissions.

34.     In 2022, The Pavement Group paid Mr. Gorell approximately $82,000 in commissions on the Disputed Sales.

35.     The Pavement Group received some of the revenue for the Disputed Sales in 2023.

36.     The Pavement Group refused to pay Mr. Gorell commissions on Disputed Sales where the client tendered payment in 2023.

37.     To date, The Pavement Group has not paid Mr. Gorell an estimated $106,630.33 in commissions on the Disputed Sales.

38.     The commissions Mr. Gorell earned on the Disputed Sales are arithmetically determinable, as they are simply a percentage of the revenue derived from the sale.

5

39.     The commissions Mr. Gorell earned on the Disputed Sales are due and payable, as there were no outstanding contingencies barring their payment.

40.     However, The Pavement Group has failed to pay Mr. Gorell the foregoing commissions.

41.     To date, the Pavement Group owes Mr. Gorell approximately $106,630.33 in commissions.

**The Pavement Group Owes Mr. Gorell Compensation Earned Under the 2023 Leadership Compensation Plan.**

42.     In or about August 2023, Brian Hess provided a presentation via videoconference to Mr. Gorell, regarding The Pavement Group's agreement to pay him pursuant to a leadership compensation plan.

43.     On that call, Mr. Hess showed an image of an Excel spreadsheet that reflected the leadership compensation plan as providing Mr. Gorell with the opportunity to receive 1.5% of the company's *gross profits*.

44.     In or about January 2024, The Pavement Group told Mr. Gorell that the leadership compensation plan provided him with the opportunity to receive only 1.5% of the company's *net profits*.

45.     To date, The Pavement Group owes Mr. Gorell approximately $55,000 in earnings under the 2023 leaderships compensations plan (1.5% of the company's gross profits in 2023 estimated to be $105,000, less $50,000 already paid).

**The Pavement Group Owes Mr. Gorell an Equity Stake in the Company.**

46.     Mr. Hess promised Mr. Gorell, on numerous occasions since January of 2020, that the Pavement Group would bring him in as a partner and provide him with an equity stake in the company.

47.     Mr. Hess continually referred to Mr. Gorell as a "partner" of The Pavement Group.

48.     Mr. Hess told Mr. Gorell that he would be provided with an equity stake in The Pavement Group, after Defendants Mr. Hess and Hoogheem negotiated a deal to buy out some or all of Joseph Groccia and Ed Christenson's equity, which would enable The Pavement Group to offer equity to Mr. Gorell.

49.     Mr. Hess told Mr. Gorell on numerous occasions that The Pavement Group's attorneys were drafting an agreement to provide Mr. Gorell with equity in the company, in conjunction with changes in ownership that were being negotiated in 2022 and 2023.

50.     In or about the end of spring of 2022, Joseph Groccia had his equity stake bought out.

51.     On information and belief, as part of negotiating Mr. Groccia's buy-out, Mr. Hess told Mr. Groccia that he intended to bring Mr. Gorell into the company by giving him an equity stake of 15%.

52.     In or about January 2023, Ed Christensen had a substantial portion of his equity bought out.

53.     Sometime in fall of 2022, after meeting with Mr. Christensen as part of negotiating his partial buy-out, Mr. Hess called Mr. Gorell and told him that the Pavement Group would give him a 3% equity stake, as a good faith deposit, while ownership was being resolved between the partners.

54.     The Pavement Group paid Mr. Gorell $3,000.000 in or about June of 2023.

55.     Amy Ford, Director of Finance for The Pavement Group, told Mr. Gorell that the $3,000.00 payment issued to him in June 2023 was a disbursement to shareholders.

7

56.    However, to date, Mr. Gorell has not received any equity stake in The Pavement Group.

57.    Mr. Gorell understood Mr. Hess's continuous promises to provide him with an equity stake in the company to have been made on behalf of The Pavement Group.

58.    On information and belief, Mr. Hess promised Mr. Gorell an equity stake in the company to induce Mr. Gorell to provide and continue providing his services to The Pavement Group.

59.    Mr. Gorell relied on the promise that he would receive an equity stake in The Pavement Group, in deciding to provide services to the company beginning in or around July 2020.

60.    Mr. Gorell relied on the promise that he would receive an equity stake in The Pavement Group, in deciding to accept the 2022 compensation structure and to work full-time for the company.

61.    Mr. Gorell relied on the promise that he would receive an equity stake in The Pavement Group, in deciding to accept the 2023 compensation structure and to continue to work full-time for the company.

62.    As a result of relying on Mr. Hess and The Pavement Group's continued promises that he would be provided with an equity stake at the company, Mr. Gorell suffered a detriment, because he received less compensation than he would have otherwise agreed to for rendering his services and because he received less compensation than he expected based on the promises made.

63.    Mr. Gorell's reliance on Mr. Hess and The Pavement Group's promises to provide him with an equity stake in the company was reasonable, in light of continued assurances and the

8

reasonable belief that the promise would materialize upon resolution of ownership between the existing partners.

64.     Mr. Gorell would not have joined The Pavement Group, would not have agreed to continue to provide services, and would not have agreed to the annual compensation plans, if the promised equity stake was only 3%.

65.     From when Mr. Gorell joined the company, to date, The Pavement Groups grew from approximately $3.5 million in yearly revenue to approximately $40 million in yearly revenue.

66.     The Pavement Group owes Mr. Gorell the monetary value of a 10-15% equity stake in the company.

**CAUSES OF ACTION**

**COUNT I**

**NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, § 148**

67.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

68.     By failing to pay the Plaintiff all of his earned commissions under the 2022 sales plan and the 2023 leadership compensation plan, the Defendants violated the Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

69.     The Defendants' failure to comply with M.G.L. c. 149, § 148 entitles the Plaintiff to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150.

## COUNT II

### BREACH OF CONTRACT
### (Against The Pavement Group Only)

70.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

71.     The Plaintiff and the Defendant were parties to a contract under which the Defendant agreed to and had a duty to pay the Plaintiff wages, including commissions and leadership compensation plan earnings.

72.     The Defendant breached its contractual duty by failing to pay the Plaintiff those wages due pursuant to the terms of the contracts.

73.     The Defendant's breaches were material.

74.     As a result of the Defendant's breaches, the Plaintiff suffered damage.

75.     The Defendant's breaches were both the proximate and actual cause of the Plaintiff's damages.

76.     The Defendant also breached the covenant of good faith and fair dealing implicit in every contract.

77.     The Defendant's breach of contract entitles the Plaintiff to recover contract damages, including but not limited to, incidental and consequential damages, and pre-judgment interest from the date of the breach.

## COUNT III

### UNJUST ENRICHMENT
### (Against The Pavement Group Only)

78.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

79.     The Defendant received the benefit of the Plaintiff's time, work, and professional skill without compensating him for the same and as Plaintiff legitimately expected.

80.     The Defendant was unjustly and unfairly enriched by the amount of the unpaid wages as well as any profits it has made as a result of the Plaintiff's work.

81.     The Defendant benefited financially from its failure to pay the Plaintiff wages, and, as a result, the Plaintiff suffered damages.

**<u>COUNT IV</u>**

**BREACH OF CONTRACT**
**(Against The Pavement Group and Mr. Hess Only)**

82.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

83.     The Plaintiff and the Defendants were parties to a contract under which the Defendant agreed to and had a duty to provide the Plaintiff with an equity stake in the Pavement Group.

84.     The Defendants breached their contractual duty by failing to provide the Plaintiff with an equity stake in the Pavement Group.

85.     The Defendant's breach was material.

86.     As a result of the Defendants' breach, the Plaintiff suffered damage.

87.     The Defendants' breach was both the proximate and actual cause of the Plaintiff's damages.

88.     The Defendants also breached the covenant of good faith and fair dealing implicit in every contract.

89.     The Defendants' breach of contract entitles the Plaintiff to recover contract damages, including but not limited to, incidental and consequential damages, and pre-judgment interest from the date of the breach.

## COUNT V

### DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL
### (Against The Pavement Group and Mr. Hess Only)

90.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

91.     The Defendants represented to the Plaintiff that they would provide him with an equity stake in The Pavement Group, the approximate amount of 10-15%, to induce Plaintiff to work for The Pavement Group.

92.     Plaintiff relied on those representations in agreeing to work for The Pavement Group.

93.     Plaintiff reasonably believed he would receive an equity stake in The Pavement Group if he worked for The Pavement Group.

94.     Plaintiff suffered a detriment as a result of Defendants' failure to provide him with an equity stake in The Pavement Group.

## COUNT VI

### UNJUST ENRICHMENT
### (Against The Pavement Group and Mr. Hess Only)

95.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

96.     The Defendants received the benefit of the Plaintiff's time, work, and professional skill without compensating him for the same and as Plaintiff legitimately expected.

12

97.    The Defendants were unjustly and unfairly enriched by the value of The Pavement Group's equity as a result of the Plaintiff's work.

98.    The Defendants benefited financially from their failure to provide the Plaintiff with an equity stake, and, as a result, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff requests that the Court enter final judgment against the Defendants, jointly and severally, awarding the Plaintiff:

1.    Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for the failure to pay earned wages;

2.    Contract damages and pre-judgment interest for breach of contract;

3.    Equitable damages for detrimental reliance/promissory estoppel;

4.    Equitable damages for unjust enrichment; and

5.    Such other relief that the Court deems just.

**JURY DEMAND**

THE PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL CLAIMS

Respectfully submitted,

TODD GORELL,
by his attorneys,

*/s/ Anastasia Doherty*
_____
Anastasia Doherty (BBO No. 705288)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Ortiz & Moeslinger, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
acd@mass-legal.com

Dated:  April 11, 2025

| Summons | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|
| | 2572CV00155 | The Superior Court |



CASE NAME:

TODD GORELL

Plaintiff(s)

vs.

THE PAVEMENT GROUP, INC.,
BRIAN HESS, AND
MICHAEL HOOGHEEM

Defendant(s)

Susan L. Moran          Clerk of Courts
Barnstable                   County

COURT NAME & ADDRESS:
BARNSTABLE SUPERIOR COURT

3195 MAIN STREET

BARNSTABLE, MASSACHUSETTS 02630

---

THIS SUMMONS IS DIRECTED TO   THE PAVEMENT GROUP, INC.   (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the BARNSTABLE SUPERIOR Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**
To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:
    a) Filing your **signed original** response with the Clerk's Office for Civil Business, BARNSTABLE SUPERIOR Court
3195 MAIN ST BARNSTABLE MA 02630 (address), by mail, in person, or electronically through
    the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

        ORTIZ & MOESLINGER, P.C.
        ONE BOSTON PLACE SUITE 2600
        BOSTON MA 02108

**3. What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

<u>www.mass.gov/law-library/massachusetts-superior-court-rules</u>

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at <u>www.mass.gov/courts/selfhelp</u>.

### 5. Required information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti_____ , Chief Justice on _____ 4/23 _____ , 20 25 . (Seal)

Clerk    Susan L. Moran

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____            Signature: _____

---

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2023

| Summons | CIVIL DOCKET NO. 2572CV00155 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|

CASE NAME:

TODD GORRELL

Plaintiff(s)

vs.

THE PAVEMENT GROUP, INC.,
BRIAN HESS, AND
MICHAEL HOOGHEEM

Defendant(s)

Susan L. Moran          Clerk of Courts
Barnstable              County

COURT NAME & ADDRESS:
BARNSTABLE SUPERIOR COURT

3195 MAIN STREET

BARNSTABLE, MASSACHUSETTS 02630

---

THIS SUMMONS IS DIRECTED TO ___BRIAN HESS___          (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the *BARNSTABLE SUPERIOR* Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, *BARNSTABLE SUPERIOR* Court *3195 MAIN ST BARNSTABLE MA 02630* (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
ORTIZ & MOESLINGER, P.C.
ONE BOSTON PLACE SUITE 2600
BOSTON MA 02108

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Michael D. Ricciuti___ , Chief Justice on _____4/23_____ , 20 _25_ . (Seal)

Clerk ___Susan L. Moran___

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____     Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2023

# ORTIZ & MOESLINGER, P.C.

ONE BOSTON PLACE, SUITE 2600
BOSTON, MASSACHUSETTS  02108

TEL (617) 338 - 9400
FAX (617) 507 - 3456

April 23, 2025

**BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Michael Hoogheem
1624 Waters Edge Drive
New Richmond, WI 54017

**RE:    Gorell v. The Pavement Group, Inc., et al.
Docket Number: 2572CV00155**

Dear Mr. Hoogheem:

Enclosed, please find copies of the summons and complaint in the above referenced matter.

Please be guided accordingly.

Respectfully,

*/s/Anastasia Doherty*

Anastasia Doherty

Encl.

| Summons | CIVIL DOCKET NO. 2572CV00155 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: TODD GORELL                      Plaintiff(s)  vs.  THE PAVEMENT GROUP, INC., BRIAN HESS, AND MICHAEL HOOGHEEM                 Defendant(s) | Susan L. Moran        Clerk of Courts Barnstable              County |
|---|---|
| | COURT NAME & ADDRESS: BARNSTABLE SUPERIOR COURT 3195 MAIN STREET BARNSTABLE, MASSACHUSETTS 02630 |

THIS SUMMONS IS DIRECTED TO   MICHAEL HOOGHEEM   (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the BARNSTABLE SUPERIOR Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your signed original response with the Clerk's Office for Civil Business, BARNSTABLE SUPERIOR Court 3195 MAIN ST (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address:

ORTIZ & MOESLINGER, P.C.
ONE BOSTON PLACE SUITE 2600
BOSTON MA 02108

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Michael D. Ricciuti__ , Chief Justice on _____ 4/23 , 20 25 (Seal)

Clerk    __Susan L. Moran__

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____    Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2023